UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

SAMMY RATLIFF                                                                    PLAINTIFF

v.                                      CIVIL ACTION NO. 5:21-CV-P83-TBR

TIM HAWKINS et al.                                         DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Sammy Ratliff, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss Plaintiff's claims.

**I. SUMMARY OF CLAIMS**

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), names as Defendants the following current and former KSP employees: Timothy Hawkins, Cody Edmonds, Tami Bauer, Berton Bare, Ricardo Villasenor, Cortez Butler, Daren LaRue, Tomas Wyatt, and Warden Scott Jordan. All Defendants except Defendant Jordan are sued only in their individual capacity. Defendant Jordan is sued only in his official capacity.

Plaintiff alleges that on December 2, 2020, Defendant Hawkins ordered Defendants Bare and Villasenor "to run into the minigym and start shooting OC pepperballs at inmates while they sleep" in order to force inmates who were already asleep "to get in prone position so they could take their mattress just to cause the discomfort." He further states that "[n]o policy states that inmates on [suicide] watch can't have matts." He alleges that the early morning raid "was

unnecessary and was planned for an improper, and malicious, intent. The physical assault with a weapon amounts to excessive force."

Plaintiff further alleges that afterwards he was denied decontamination, as well as a medical assessment or to see a nurse. He states that he was forced to "lie in mace for 20 minutes . . . . All they did to clean the mace was swept it with a broom and force us[] to set in paper see thro boxer[s] on a mace floor." He states that Defendant Jordan "allow[ed] practice denying decontamination."

Plaintiff states that Defendants Bauer and Edmonds were present and "assisted shoving inmates/plaintiff around applying restraints on plaintiff's wrists and ankles extremely too tight." According to the complaint, Defendants Duncan, Butler, LaRue, and Wyatt helped remove mattresses and then made all the inmates stay seated on the floor for six hours, forcing Plaintiff to urinate on himself.

Plaintiff next alleges that Defendant Hawkins later wrote a disciplinary report on all the inmates claiming they had cursed at him, had unauthorized items, and had incited a riot. Plaintiff states that he was found guilty of inciting a riot. He asserts that he was not allowed to be at the court call and then when he filed an appeal, Defendant Jordan said he never got it. Documentation attached to the complaint shows that a hearing was held and that Plaintiff was found guilty of "inciting to riot or rioting."

As relief, Plaintiff requests monetary and punitive damages, as well as injunctive relief in being allowed decontamination after chemical exposure.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Claims against Defendants Hawkins, Bare, Villasenor, Bauer, and Edmonds*

Plaintiff alleges that Defendant Hawkins ordered Defendants Bare and Villasenor "to run into the minigym and start shooting OC pepperballs at inmates" in order to force inmates who we already asleep "to get in prone position so they could take their mattress just to cause the discomfort." He alleges that the early morning raid "was unnecessary and was planned for an improper, and malicious, intent. The physical assault with a weapon amounts to excessive force." He alleges that Defendants Bauer and Edmonds were present and "assisted shoving inmates/plaintiff around applying restraints on plaintiff's wrists and ankles extremely too tight."

Plaintiff attaches to his complaint disciplinary report forms relating to the "inciting to riot or riot" charge. The disciplinary report found that because Plaintiff refused to assume the prone compliant position, "Major Hawkins had to call in Lieutenant Bare and Lieutenant Villasenor to deploy OC pepper powder to gain compliance of Inmate Ratliff." The report details that pepper balls were used at 6:08 a.m. and that 20 minutes later Plaintiff was placed in restraints and

3

removed from one "rec cage" to another one.  Plaintiff was disciplined with 30 days of restrictive housing and loss of good-time credits.

Plaintiff's claims related to the use of pepper balls and restraints are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486–87 (footnote omitted).

In *Edwards v. Balisok*, the Supreme Court extended the *Heck* doctrine to prison administrative proceedings that result in the deprivation of good-time credits.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  In *Wilkinson v. Dotson*, the Supreme Court made it clear that the *Heck* and *Edwards* bar applies no matter the relief sought.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff's challenge to the use of the pepper balls and restraints is not cognizable. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding that Eighth Amendment claim regarding guards' use of pepper spray was barred by *Heck* where prisoner was found guilty of disobeying a direct order to exit his cell to sit cross-legged on his bunk and face the wall, prompting the use of pepper spray).  The same is true for any due-process claim regarding not being allowed to be at the court call and the warden not receiving his appeal.  *See Johnson v. Sisco*, No. 3:14-CV-P158-H, 2014 WL 3349635, at *2 (W.D. Ky. July 8, 2014) ("The favorable termination requirement of *Heck* applies to prisoner allegations of due process violations in

4

prison discipline hearings that result in the deprivation of good-time credits.") (citing *Edwards v. Balisok*, 520 U.S. at 648).

Additionally, to the extent that Plaintiff claims that Defendant Hawkins's disciplinary report against him was false, he fails to state a claim. "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (holding that "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

Consequently, the Court will dismiss the claims against Defendants Hawkins, Bare, Villasenor, Bauer, and Edmonds for failure to state a claim upon which relief may be granted.

B. Claims against Defendants Duncan, LaRue, Butler, and Wyatt

Plaintiff alleges that these Defendants helped remove mattresses and then made all the inmates stay seated on the floor for six hours, forcing Plaintiff to urinate on himself.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes; punishment may neither be "barbarous" nor contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation marks and citation omitted). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "'unnecessary and wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Therefore, not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment under the Eighth Amendment. *Ivey*, 832 F.2d at 954. Simply having to sit on the floor for six hours does not state an Eighth Amendment claim. *See, e.g.*, *Griffin v. Womack*, No. 1:12CV-P195-R, 2013 WL 28669, at *4 (W.D. Ky. Jan. 2, 2013) ("[S]ince it has been held that requiring prisoners to sleep on the floor does not violate the Eighth Amendment, it must follow that Plaintiff's complaint about having to sit on the floor for less than two hours one day and for 13 and one-half hours another day does not rise to the level of a constitutional violation.").

Plaintiff's allegation that he was forced to urinate on himself also does not state a constitutional claim. *See LaPine v. Savoie*, No. 16-1893, 2017 WL 6764085, at *5 (6th Cir. Aug. 11, 2017) (holding that inmate failed to state constitutional claim in alleging that he was forced to urinate on himself and sit in soiled cloths for three hours because he was denied access to a restroom); *Dominguez-Mendez v. McCoy*, No. 5:10–347–KKC, 2011 WL 1430325, at *2 (E.D. Ky. Apr. 13, 2011) (finding on initial review that inmate's allegation that he was not allowed to use restroom and was forced to defecate in his pants failed to state a constitutional claim); *see also Cunningham v. Eyman*, 17 F. App'x 449, 454 (7th Cir. 2001) (holding that inmate failed to establish an Eighth Amendment claim where he alleged that he urinated and defecated on himself due to officers' refusal to remove his restraints so he could use the toilet, even though the inmate was forced to remain in his soiled clothing for four to five hours).

Because Plaintiff fails to state a § 1983 claim against Defendants Duncan, LaRue, Butler, and Wyatt, the claims against these Defendants will be dismissed.

*C. Claims against Defendant Jordan*

Plaintiff alleges that Defendant Jordan allowed the practice of denying decontamination after chemical exposure and that he denied receiving Plaintiff's appeal from his disciplinary conviction.

The Court will dismiss Plaintiff's claim against Defendant Jordan related to denying decontamination because Plaintiff has not alleged that Defendant Jordan directly participated in the events related to this claim and the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

It is not clear from the complaint which Defendants forced him "to lie in mace for 20 minutes . . . All they did to clean the mace was swept it with a broom." However, the Court notes that Plaintiff does not allege any deleterious effects from being denied decontamination and therefore fails to state a constitutional claim. *See, e.g.*, *Jennings*, 93 F. App'x at 724 (explaining that plaintiff failed to show more than a *de minimis* physical injury after being

sprayed with OC spray when "[a]t no time was [plaintiff] in respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray"); *Hamilton v. Roederer Corr. Complex*, No. 3:20-CV-P160-DJH, 2020 WL 4587524, at *3 (W.D. Ky. Aug. 10, 2020) (finding the plaintiff failed to "allege any injury from Defendant's spraying OC spray on his back, not even discomfort" and even if he did suffer some discomfort, "'[t]emporary or minor discomfort is insufficient to establish a claim of a constitutional magnitude'") (quoting *Hutson v. Felder*, No. 5:07-183-JMH, 2008 WL 4186893, at *4 (E.D. Ky. Sept. 10, 2008).

Finally, Plaintiff does not state a claim against Defendant Jordan because he allegedly denied receiving his appeal from the disciplinary hearing.  As explained above, Plaintiff cannot challenge the prison disciplinary process without first showing that his disciplinary conviction has been overturned.  *See Edwards v. Balisok*, 520 U.S. at 648; *see also Wilkinson v. Dotson*, 544 U.S. at 81-82.

### III. CONCLUSION

The Court will enter a separate Order dismissing this action.

Date:   November 30, 2021

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009